**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CR-78-GKF |
| | ) |
| RICARDO RODRIGUEZ, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the court is the Motion for Return of Property [Dkt. #83] filed by defendant Ricardo Rodriguez. Citing Fed.R.Cr.P. 41(g) and 18 U.S.C. § 983(e)(5) of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Rodriguez seeks to partially vacate a criminal order of forfeiture included in the Judgment and Commitment [Dkt. #75], on the grounds that certain assets subject to the forfeiture order were not "contraband." Specifically, Rodriguez seeks return of: $18,700.00; $9,600.00; a 2001 Chevrolet Tahoe; a 2004 Dodge Ram; and residences located at 1169 North Atlanta Place and 1708 North 51st Street in Tulsa.

On May 7, 2012, an Indictment was returned charging Rodriguez and others with conspiracy to possess methamphetamine with intent to distribute, possession of methamphetamine with intent to distribute and maintaining drug involved premises. [Dkt. #1]. The Indictment contained forfeiture allegations concerning, *inter alia*, the property at issue in the pending motion.

On August 20, 2012, Rodriguez entered a plea of guilty to conspiracy to distribute and possess with intent to distribute methamphetamine (Count One). Pursuant to the plea agreement, Rodriguez agreed to forfeit the following property:

    A. UNITED STATES CURRENCY

        i. $18,746 in United States Currency seized on April 19, 2012 from 1327 East 51st Street North, Tulsa, Tulsa County, Oklahoma; and

        ii. $9,420 in United States currency seized on April 19, 2012 from 1169 North Atlanta Place, Tulsa, Tulsa County, State of Oklahoma.

    B. FIREARMS AND AMMOUNITION

        i. Springfield, Model XD, .40 caliber pistol, Serial Number US 183811, with 2 loaded magazines;

        ii. Springfield Model 1911A1 Pistol, Serial Number N513679 with 3 magazines and 24 rounds of ammunition;

        iii. Winchester Model 1300 Shotgun, Serial Number removed; and

        iv. 40 rounds of .40 S&W Ammunition and 10 rounds of .45 ACP ammunition.

    C. VEHICLES

        i. 2004 Dodge Truck, VIN 1D7HA18D64J193421; and

        ii. 2001 Chevrolet Tahoe, VIN 1GNEK13T11J126737.

Defendant further consented to forfeiture, pursuant to 21 U.S.C. § 853(a), of any interest he may have in the real property known as 1169 North Atlanta Place and 1327 East 51st Street North, Tulsa, Tulsa County, State of Oklahoma, which constitutes, or was derived from proceeds obtained, directly or indirectly as a result of such conspiracy and property used, or intended to be used, in any manner or part, to commit, or to facilitate the conspiracy. [Dkt. #48 at 6, 7].

Pursuant to the Plea Agreement, defendant waived his right to: direct appeal of the conviction and sentence; appeal from a sentence which exceeds the statutory maximum; collateral attack of the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Further, defendant "waive[d] all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this pleas agreement on any grounds. . ." [Dkt. #48 at 3, 7, 8].

On November 20, 2012, the court entered an Agreed Preliminary Order of Forfeiture of Property, forfeiting defendant's interest in the property listed in the Plea Agreement. [Dkt. #61]. On December 3, 2012, defendant was sentenced to 120 months imprisonment. In imposing the sentence, the court included the forfeiture when orally announcing the sentence, and in the Judgment and Commitment. [Dkt. #75 at 6].

On January 25, 2013—52 days after the Judgment and Commitment was docketed—defendant file his pro se notice of appeal of the judgment and sentence. [Dkt. #80]. On January 29, 2013, William D. Lunn, counsel for defendant in the district court case, filed a motion to withdraw from the appeal in the Tenth Circuit. Tin the motion, Lunn stated: "Counsel is of the opinion that the appeal was filed untimely pro se by Appellant. Counsel . . . believes the appeal has no merit." *United States v. Ricardo Rodriguez,* Appellate Case 13-5010, Dkt. #10040095.

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Rule 41(g) cannot be used, as urged by defendant, to seek the return of forfeited property, because it "only permits the recovery of property that has been seized as evidence, not property that has been forfeited to the government." *United States v. Guerra,* 426 Fed.Appx. 694, 697 (11th Cir. 2011) (unpublished). *See also United States v. Watkins,* 120 F.3d 254, 255 (11th Cir. 1997) (holding predecessor to Rule 41was not available for recovery of  property retained pursuant to a civil forfeiture).

Furthermore a Rule 41 motion is governed by equitable principles. *See United States v. Gonzalez,* 240 F.3d 14, 17 (1st Cir. 2001). In his plea agreement, defendant knowingly

3

consented to forfeiture of the property at issue.  It would be inequitable to permit him to use Rule 41 to nullify that consent.  *See United States v. Grover,* 119 F.3d 850, 852 (10th Cir. 1997) (holding that where defendant agreed not to contest forfeiture of certain pieces of property in exchange for the government's agreement not to seek forfeiture of other pieces of property, "the equities . . .weigh in favor of the government's continued possession of the property").

Nor is defendant entitled to relief under 18 U.S.C. § 983(e), the Civil Asset Forfeiture Reform Act ("CAFRA").  Section 983(e) sets out the procedure for challenging an administrative forfeiture on the grounds of lack of notice.  However, it applies only to "nonjudicial civil forfeiture proceedings under a civil forfeiture statute." 18 U.S.C. § 983(e)(1).

In this case, the properties defendant seeks to have returned were forfeited by agreement as part of the criminal case pursuant to 21 U.S.C. § 853(a).  A criminal forfeiture order is part of the sentence imposed on a person who has been found guilty in a criminal case for which forfeiture is specifically authorized.  *United States v. Libretti,* 38 F.3d 523, 527 (10th Cir. 1994).  Therefore, the only remedy to challenge a forfeiture order is direct appeal. *Young v. United States,* 489 F.3d 313, 315 (7th Cir. 2007).  The order of forfeiture was included in the sentence imposed against the defendant.  Although Rodriguez waived appeal as part of his plea agreement, he filed a notice of appeal out of time.  [Dkt. #80].

Neither Rule 41(g) nor 18 U.S.C. §983(e)(5) afford defendant any right to seek return of the forfeited property.

Defendant's Motion for Return of Property [Dkt. #83] is therefore denied.

ENTERED this 15th day of February, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4